**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | ) ) ) ) ) ) ) ) ) ) | Case No. 07-5944 SC MDL No. 1917  <u>PRETRIAL ORDER NO. 1</u> |
| This Document Relates to: ALL ACTIONS | | |

On April 4, 2008, the Court conducted a status conference in this multidistrict litigation ("MDL") proceeding. After considering the materials submitted by the parties at the conference and good cause appearing, the Court hereby establishes the following pretrial procedures.

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO § 1407(a) (REVISED)**

1. This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (MDL Panel) pursuant to its order of February 15, 2008, as well as all related actions originally filed in this Court or transferred or removed to this Court. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure of the MDL Panel subsequent to

the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed, transferred or removed to this Court.

2.   The actions described in paragraph 1 of this Order are consolidated for pretrial purposes.

**ESTABLISHMENT OF MASTER DOCKET AND FILE**

3.   The files of all direct purchaser actions and indirect purchaser actions shall be maintained in the master file, Case No. C-07-5944 SC MDL No. 1917.  Every pleading filed in direct purchaser actions and indirect purchaser actions shall bear the above caption.  When a pleading or paper is intended to be applicable to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption above.  When a pleading or paper is intended to be applicable only to all direct purchaser actions, the words "All Direct Purchaser Actions" shall appear in the caption.  When a pleading or paper is intended to be applicable only to all indirect purchaser actions, the words "All Indirect Purchaser Actions" shall appear in the caption.

4.   All pleadings and submissions in these actions shall be e-filed both in the master docket and in the individual case docket(s) of any individual case(s) to which the submission pertains.  All submissions filed in these actions shall bear the identification "Case No. C-07-5944 SC MDL No. 1917," and when such a submission relates to all of these actions, following "Case No. C-07-5944 SC MDL No. 1917," shall be the notation "ALL CASES."  If a submission does not relate to all of these actions, the docket

2

number of the individual action or actions assigned by the Clerk of the Court shall follow "Case No. C-07-5944 SC MDL No. 1917." The chambers copy of each document e-filed in these cases must clearly indicate the docket number assigned by the electronic case filing system to each such document.

**APPEARANCES**

5.   Counsel who have not yet entered an appearance shall electronically file a Notice of Appearance in the master docket and in the individual case docket(s) of any individual case(s). Counsel who appeared in a transferor court prior to their case being transferred to this Court need not enter an additional appearance before this Court.

6.   Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation. Pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, association of local counsel is not required.

**COMMUNICATIONS WITH THE COURT AND COUNSEL**

7.   Unless otherwise ordered by the Court, all substantive communications with the Court shall be e-filed.

8.   The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work-product. Nothing contained

3

1 in this provision shall be construed to limit the rights of any
2 party or counsel to assert the attorney-client privilege or
3 attorney work-product doctrine.

**FILING AND SERVICE OF PAPERS AND PLEADINGS**

9. These cases are subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI, which requires that all documents in such a case be filed electronically. General Order, Section IV(A) provides that "[e]ach attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at https://ecf.cand.uscourts.gov/cand/index.html. All documents can be e-filed in the master file, Case No. C-07-5944 SC MDL No. 1917.

10. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing. All other service of papers shall be governed by the Federal Rules of Civil Procedure unless otherwise agreed by the parties.

11. Permission to file briefs in excess of the page limits set forth in Rule 7 of the Local Rules will not be routinely granted in these cases. Stipulations allowing oversized briefs will not be approved unless submitted at least five (5) court days before the first brief addressed in the stipulation is due.

12. All parties are to make best efforts to resolve

4

scheduling and other procedural issues by conferring with opposing counsel in the case(s) before contacting the court.

**EVIDENCE PRESERVATION**

13. All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court

5

orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. In addition, counsel shall exercise all reasonable efforts to identify and notify parties and non-parties of their duties, including employees of corporate or institutional parties, to the extent required by the Federal Rules of Civil Procedure.

**PROTECTIVE ORDER**

14. The parties shall meet and confer regarding a protective order for this proceeding. Within 30 days of the entry of an Order appointing interim lead class counsel, the parties shall present a stipulated protective order, or in the event a stipulation cannot be reached, their respective proposals.

**DISCLOSURES**

15. Within 30 days of the entry of this Order, the parties shall complete a Rule 26(f) conference and shall make initial disclosures within 14 days thereafter.

**ALTERNATIVE DISPUTE RESOLUTION**

16. Within 30 days of the entry of an Order appointing interim lead class counsel, the parties shall discuss the selection of an alternative dispute resolution process.

**FURTHER CASE MANAGEMENT CONFERENCE**

17. The Court shall conduct a Status Conference on July 11, 2008 at 10:00 A.M. The parties shall electronically file a Joint Case Management Statement ten (10) court days prior thereto.

///

///

6

**APPLICABILITY OF ORDER**

18. This Order shall apply to all actions subsequently filed in, or transferred to, this district that are related to this MDL proceeding. Any party objecting to the application of this Order to a subsequently filed or transferred case shall file a motion for relief supported by good cause within 30 days of the case being added to the master docket.

DATED: April 4, 2008

_____
UNITED STATES DISTRICT JUDGE

7